IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN FORNESS, JARED KNOCKER,
ESTHER RINKER, DWAYNE SHAW,
KENDRA HORGAN, TERI MOORE, and
LARRY AGNE,

Plaintiffs,

v.

CROSS COUNTRY BANK, INC. and
APPLIED CARD SYSTEMS, INC.,

Defendants.                                              No. 05-CV-417-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

### I. Introduction

Now before the Court is a motion submitted by Defendants Cross Country Bank, Inc. and Applied Card Systems, Inc. ("Defendants") to compel arbitration in this matter and stay all proceedings. (Doc. 18.) Plaintiffs John Forness, Jared Knocker, Esther Rinker, Dwayne Shaw, Kendra Horgan, Teri Moore, and Larry Agne (together, "Plaintiffs") respond in opposition. (Doc. 29.) For the reasons below, the Court grants Defendants' motion.

### II. Background

Plaintiffs are a group of consumers who allege that Defendant engaged in various unfair trade practices related to their credit-card businesses. (Doc. 2, Pls. Compl., ¶ 8.) Defendants are affiliated Delaware corporations that provide credit-

card services to individuals. Plaintiffs allege a total of three counts of wrongdoing, including claims arising out of the **Illinois Fraud and Deceptive Practices Act**, **815 ILL. COMP. STAT. 505/01 et seq. ("IFDPA")**, claims for unjust enrichment and restitution, and claims for breach of the covenant of good faith and fair dealing.[1] (Doc. 2, Pls. Compl., pp. 8-9.)

Defendants charge that each of the Plaintiffs in this case entered into binding credit-card agreements containing broad arbitration clauses requiring them to resolve their claims in arbitration. (Doc. 18.) Plaintiffs disagree. (Doc. 29.) While they do not contest that they entered into binding agreements with Defendants, Plaintiffs take the position that the arbitration provisions within these agreements are (1) procedurally unconscionable due to the fact that they are "hidden in a maze of fine print," (2) substantively unconscionable due to the fact that they prohibit arbitration on a classwide basis, and (3) thus void. (*Id.*) For these reasons, Plaintiffs argue, the arbitration provisions contained in their agreements with Defendants should be invalidated, and this matter must proceed in federal court — not in arbitration.[2]

---

[1] Plaintiffs originally filed their case in St. Clair County, Illinois Circuit Court. (Doc. 2.) Defendants removed to this Court on June 10, 2005. (Doc. 1.) Approximately one month later, Plaintiffs filed a motion to remand, which this Court denied. (Doc. 26.)

[2] The relevant language relating to classwide arbitration in the parties' agreement is in boldface and states as follows:

> If you or we elect to arbitrate a Claim: (1) neither you nor anyone else on your behalf can pursue that Claim in court or in an arbitration

### III.  Analysis

As an initial matter, the Court notes that the Federal Arbitration Act applies here.[3]  That Act was drafted "to reverse the longstanding judicial hostility to arbitration agreements," ***Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)**, and embodies a strong federal policy in favor of arbitration.  ***Moses H. Cone Mem. Hosp. v. Mercury Constr.*, 460 U.S. 1 (1983)**.  Under its provisions, when parties contractually agree to submit their disputes to arbitration, they are bound by that agreement and must pursue their claims there.  *See* ***Boomer v. AT&T Corp.*, 309 F.3d 404 (7th Cir. 2002)**; *see also **Gilmer*, 500 U.S. at 35**.  If an agreement to arbitrate exists, that agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  **9 U.S.C. § 2**.

The first task for the Court is determining which state's law applies.  Plaintiffs do not discuss this issue, although the Court assumes from their brief — which does not cite Delaware law and which relies heavily on one Illinois appellate decision, ***Kinkel v. Cingular Wireless, LLC*, 357 Ill. App. 3d 556 (5th Dist.**

---

proceeding on a class-wide or representative basis; and (2) Claims brought by or against one account holder (or join account holders) may not be brought together with Claims brought by or against any other account holder.

(Doc. 18, Agreement, p. 3.)

[3] In addition to the fact that the parties' agreement indicates that the Act shall apply, this matter clearly involves interstate commerce.  *See* **9 U.S.C. § 1**; ***Allied Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 276 (1995)**.

**2005)**, in particular — that they believe Illinois law should apply. (Doc. 29.) Defendants, however, have taken the position that Delaware law applies. Looking to the parties' agreements, the Court concurs with Defendants. Those agreements clearly select Delaware law. (Doc. 18, Agreement, p. 3.) Plaintiffs, furthermore, have offered no reason why the choice-of-law provision should not apply. Both because there is no public-policy issue that would prevent enforcement,[4] and because Delaware, where both Defendants are domiciled, bears a reasonable relationship to the parties and the transaction in this case, the Court finds that Delaware law applies here. *See* **Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)** (holding that district courts sitting in diversity apply the choice-of-law rules of the forum state); **Potomac Leasing Co. v. Chuck's Pub, Inc., 156 Ill. App. 3d 75 (1st Dist. 1987)** (holding that a choice-of-law provision will be given effect unless it does not contravene Illinois public policy and the state selected bears a reasonable relationship to the parties or transaction).

That question settled, the Court looks to Delaware law to determine whether the class-action-waiver provision in the parties' agreement is unconscionable. The Court is aware of no Delaware Supreme Court decision on this issue, and since Delaware has no intermediate appellate courts, the Court turns to

---

[4] Indeed, Illinois courts have previously applied the laws of other states in deciding unconscionability questions related to collective-action-waiver provisions in arbitration agreements, necessarily finding that Illinois public policy was not contravened. *See* **Hubbert v. Dell Corp., 359 Ill. App. 3d 976 (5th Dist. 2005)** (applying Texas law); **Hutcherson v. Sears Roebuck & Co., 342 Ill. App. 3d 109 (1st Dist. 2003)** (applying Arizona law).

Delaware Superior Court decisions for direction. The best analysis of this issue by such a court that this Court is aware of is **Edelist v. MBNA Am. Bank, 790 A.2d 1249, 1261 (Del. Super. Ct. 2001)**. In that case, the court specifically found "nothing unconscionable" about a bar on class actions in an otherwise valid arbitration agreement like the one in the instant case. **Id.** The Court knows of no conflicting authority in the Delaware courts. As such, and in light of (1) other courts' decisions to enforce similar arbitration agreements barring classwide arbitration, *see, e.g.*, **Livingston v. Assocs. Fin., Inc., 339 F.3d 553, 559 (7th Cir. 2003)** (enforcing a provision in an arbitration agreement barring class actions); *see also* **Jenkins v. First Am. Cash Advance, 400 F.3d 868 (11th Cir. 2005)**; **Iberia Credit Bureau, Inc. v. Cingular Wireless LLC 379 F.3d 159, 174-175 (5th Cir. 2004)**; **Snowden v. CheckPoint Check Cashing, 290 F.3d 631, 638 (4th Cir. 2002)**; **Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 728-729 (8th Cir. 2001)**; **Johnson v. West Suburban Bank 225 F.3d 366, 371 (3d Cir. 2000)**; **Pick v. Discover Fin. Servs., No. Civ.A. 00-935, 2001 WL 1180278, at \*5 (D. Del. Sept 28, 2001) (Robinson, C.J.)**; **Leason v. Merrill Lynch, Pierce, Fenner & Smith, No. 6914 (Del. Ch. August 23, 1984)**, **Myriam Gilles, *Opting Out of Liability: The Forthcoming, Near-Total Demise of the Modern Class Action*, 104 MICH. L. REV. 373, 400 & n.139 (2005)** ("[W]ith the exception of a handful of cases (mostly out of the Ninth Circuit and California) finding [collective-action waivers] substantively unconscionable, a vast majority of decisions have

upheld collective action waivers against this challenge."), (2) the fact that Plaintiffs in this mater have not shown that bringing individual claims in arbitration would be prohibitively expensive, and (3) the Court's belief, based on the facts of this case, that arbitration will be a fair and equitable forum for Plaintiffs to pursue their claims, the Court finds that the parties' agreement is valid and not unconscionable.[5]

## IV. Conclusion

Therefore, because the arbitration provision in the agreement between the parties is valid and binding, the Court **GRANTS** Defendants' motion to compel

---

[5] The Court notes that even if Illinois law were to be applied here, the parties' agreement would still be valid. Under Illinois law, "[b]efore a court can invalidate an arbitration clause on unconscionability grounds, the clause must be found to be both procedurally and substantively unconscionable." ***Zobrist v. Verizon Wireless*, 354 Ill. App. 3d 1139, 1147 (5th Dist. 2004)**. In this case, the arbitration provision in question is not procedurally unconscionable. Here, a bold heading appears in the agreements immediately following the first paragraph that is set-off, in all capitals, and states that "THIS AGREEMENT CONTAINS AN ARBITRATION PROVISION THAT MAY SUBSTANTIALLY LIMIT OR AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY AND KEEP IT FOR YOUR RECORDS." (Cite.) The arbitration provision itself, furthermore, appears under the heading "IMPORTANT LIMITATIONS," and contains bold type. (Doc. 18, Agreement, p. 3.) These facts distinguish this case from ***Kinkel***, where relevant language relating to arbitration was not meaningfully set off or highlighted. ***Kinkel*, 357 Ill. App. 3d at 556**. Even if the relevant language concerning arbitration was not highlighted and set off in bold type, moreover, the Supreme Court has held that states may not apply a heightened conspicuousness requirement to arbitration provisions. ***Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 686-88 (1996)**.

Additionally, with regard to the substantive-unconscionability issue, the Court notes both that there are two Illinois appellate decisions that directly conflict with ***Kinkel***'s holding concerning classwide arbitration provisions, *see **Rosen v. SCIL, LLC*, 343 Ill. App. 3d 1075 (1st Dist. 2003)**; ***Hutcherson v. Sears Roebuck & Co.*, 342 Ill. App. 109 (1st Dist. 2003)**, and that the Illinois Supreme Court has granted review of the ***Kinkel*** decision.

arbitration and **STAYS** all further proceedings in this case pursuant to **9 U.S.C. § 3** pending the outcome of such arbitration.

    **IT IS SO ORDERED.**

    Signed this 20th day of March, 2006.


    /s/       David   RHerndon
    **United States District Judge**